OPINION — AG — IT IS THE OPINION OF THE ATTORNEY GENERAL THAT THERE BEING NO STATUTE EXPRESSLY RENDERING THE COUNTY LIABLE FOR COURT COST IN A COLLECTION SUIT INSTITUTED BY A COUNTY HOSPITAL, THE COUNTY IS NOT REQUIRED TO POST COSTS IN SUCH AN ACTION BROUGHT IN EITHER THE DISTRICT COURT OR A JUSTICE OF THE PEACE COURT; AND THIS IS THE CASE WHETHER THE SUIT IS INSTITUTED BY THE COUNTY ATTORNEY OR BY "OTHER COUNSEL" WHICH THE HOSPITAL BOARD OF CONTROL IS AUTHORIZED TO EMPLOY UNDER 19 O.S. 1963 Supp., 790.1 [19-790.1], CONSIDERING NOW THAT PORTION OF YOUR SECOND QUESTION WHEREIN YOU ASK A JUSTICE OF THAT PEACE IS TO BE PAID IF THE COUNTY IT IS APPARENT THAT WHETHER OR NOT A JUSTICE OF THE PEACE WILL BE PAID WILL DEPEND UPON WHETHER COURT COSTS CAN ULTIMATELY BE COLLECTED. IT HAS ALREADY BEEN ESTABLISHED THAT THE COUNTY HOSPITAL, AS PLAINTIFF, WOULD NOT BE LIABLE FOR COSTS. HOWEVER, COST MAY BE TAXED AGAINST THE DEFENDANT WHERE JUDGEMENT IS RENDERED AGAINST HIM, AND IN THAT CASE THE JUSTICE MAY LOOK TO THE DEFENDANT FOR PAYMENT. YOUR LETTER MAKES AN IMPLIED REFERENCE TO 28 O.S. 1961 53 [28-53], WHICH PROVIDES THAT IN CERTAIN CIRCUMSTANCES THE FEES ALLOWED BY LAW TO JUSTICES OF THE PEACE SHALL BE AN OBLIGATION OF THE COUNTY. THIS STATUTE HAS APPLICATION ONLY TO FEES CHARGED IN CRIMINAL CAUSES, AND CONSEQUENTLY WOULD NOT HAVE THE EFFECT OF MAKING THE COUNTY LIABLE FOR COURT COSTS IN CASES SUCH AS YOU DESCRIBE. THEREFORE IT IS THE OPINION OF THE ATTORNEY GENERAL THAT WHEN A COLLECTION SUIT IS BROUGHT ON BEHALF OF THE COUNTY HOSPITAL IN A JUSTICE OF THE PEACE COURT, THE ONLY WAY COSTS CAN BE COLLECTED IS BY TAXING THE SAME TO THE DEFENDANT ON JUDGEMENT. ************ 19 O.S. 1961 781-793 [19-781] — [19-793], 19 O.S. 1963 Supp., 790.1 [19-790.1], 12 O.S. 1961 921 [12-921], 39 O.S. 1961 451.5 [39-451.5] (JAMES FUSON)